UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JALONE DANTE DAVIS,

                         Petitioner,                          9:06-CV-1389
                                                              (FJS/GHL)
         v.

JOSEPH T. SMITH, Superintendent,

                         Respondent.

APPEARANCES:                              OF COUNSEL:

JALONE DANTE DAVIS
Petitioner, *pro se*

OFFICE OF THE ATTORNEY GENERAL            ALYSON J. GILL, ESQ.
State of New York                         Assistant Attorney General
Attorney for Respondent

GEORGE H. LOWE, United States Magistrate Judge

### DECISION and ORDER

## I.      Introduction

Petitioner Jalone Dante Davis commenced this habeas corpus action to challenge his

2001 convictions in Albany County Court on charges of second degree murder and second

degree criminal possession of a weapon.  Dkt. No. 1.  Petitioner claims that he was denied a fair

trial due to the prosecution's failure to disclose *Brady* material and the trial court's failure to give

a missing witness charge to the jury.  Petitioner also claims that his statement to the police was

involuntary and should have been suppressed, identification evidence was improperly admitted,

and the evidence adduced at trial was legally insufficient to support the verdict.  *Id.*  A response

to the petition was filed in June, 2007.  Dkt. No. 8.

Presently before the Court is a motion from Petitioner to expand the record.  Dkt. No. 12.

Petitioner has also filed a motion to amend his petition.  Dkt. No. 13.

Respondent has submitted a letter response to both motions.  Dkt. No. 14.

## II.    Motion to Expand the Record

Petitioner seeks to expand the state court record before this Court for consideration with

his habeas corpus petition to include petitioner's motion for reargument and reconsideration of

the decision of the Appellate Division, Third Department, affirming Petitioner's convictions.

Dkt. No. 12.[1]

Counsel for Respondent has advised the Court that she has no objection to Petitioner's

motion to expand the record.  Dkt. No.  14.  Counsel states, however, that neither the District

Attorney's Office nor the Clerk's Office of the Appellate Division was able to locate a copy of

this motion.

Based upon the foregoing, the Court grants Petitioner's motion to expand the record.  If

Petitioner has a copy of the motion for reargument/reconsideration, he is directed to submit that

document to the Clerk of the Court for filing with the other state court records in this action.[2]

## III.   Motion to Amend the Petition

Turning to the motion to amend, Petitioner seeks to assert three additional claims of

ineffective assistance of trial counsel in support of his request for habeas corpus relief.  Dkt. No.

13. Petitioner claims that trial counsel was ineffective for: (1) failing to object when Kiemar

---

[1]  That motion was denied by the Appellate Division on August 31, 2006.  See Dkt. No. 10-8.

[2]  Should the Respondent locate a copy of the motion, he shall submit it forthwith.

Tarver invoked his Fifth Amendment right against self-incrimination; (2) failing to object when

the trial court did not give a missing witness charge regarding Tarver; and (3) failing to

investigate allegations of misconduct by Detective Kennedy in another case. *Id*.  Petitioner has

exhausted his state court remedies with respect to these three claims.  *See* Dkt. No. 14 at 1.

Respondent opposes Petitioner's motion on the ground that two of the three claims are

untimely.  *Id*. at 1-2.  Respondent also contends that Petitioner's three additional claims lack

merit and that the motion should be denied in its entirety as futile.  *Id.* at 2-4.

A writ of habeas corpus "may be amended or supplemented as provided in the rules of

procedure applicable to civil actions."  28 U.S.C. § 2242.  The Second Circuit has held that the

standard for granting or denying a motion to amend a habeas petition shall be controlled by Rule

15 of the Federal Rules of Civil Procedure, which provides that "leave to amend shall be freely

given when justice so requires."  *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001).  A

proposed amended pleading seeking to assert a claim which is barred by the statute of limitations

is futile and must be denied.  *Malesko v. Correctional Services Corp.*, 229 F.3d 374, 382-84 (2d

Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001); *Davis v. Trojer*, 2001 WL 829872 *3

(S.D.N.Y. July 20, 2001).  Similarly, "[w]here it appears that granting leave to amend is unlikely

to be productive, ... it is not an abuse of discretion to deny leave to amend."  *Ruffolo v.

Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).  The decision to grant

or deny a motion to amend is committed to the sound discretion of the trial court, and its decision

is not subject to review on appeal except for abuse of discretion.  *Nettis v. Levitt*, 241 F.3d 186,

192 (2d Cir. 2001).

Habeas corpus petitions are governed by a one year statute of limitations.  28 U.S.C.

§ 2244 (d)(1).  Specifically, 28 U.S.C. § 2244(d) reads:

(1) A one year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State  Court.
The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized
by the Supreme Court and made retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under this
subsection.

A judgment of conviction becomes final under the Antiterrorism and Effective Death

Penalty Act ("AEDPA") when the availability of appeal is exhausted.  Where the conviction has

been appealed in the state courts, it becomes "final" at the conclusion of the ninety days during

which the party could have sought certiorari in the United States Supreme Court, or when the

Supreme Court finally determines the petition for certiorari or the appeal itself.  *Hughes v. Irvin*,

967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the

United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986).

The New York Court of Appeals denied Petitioner's request for leave to appeal on

August 15, 2005, and his convictions became final for purposes of the AEDPA no later than

November 15, 2005.  Accordingly, the one-year limitations period began to run on that date with

respect to all of the claims available to Petitioner on direct review and expired one year later, on

November 15, 2006, except to the extent that the limitations period was tolled by properly filed

applications for state post-conviction or collateral review.[3]

It does not appear that Petitioner filed any applications for post-conviction relief prior to

the expiration of the one-year limitations period.  Rather, petitioner pursued his claims of

ineffective assistance of counsel by a motion to vacate pursuant to CPL § 440 which was

notarized on February 15, 2007, approximately three months after the limitations period expired.

Accordingly, Petitioner's additional claims are not available for habeas corpus review by

this Court unless they "relate back" to the original petition within the meaning of Rule 15(c).

The Supreme Court has stated that relation back under Rule 15(c)(2) "depends on the existence

of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v.

Felix*, 545 U.S.644, 125 S. Ct. 2562, 2571 (2005) (citation omitted).

Respondent concedes that Petitioner's claim that trial counsel was ineffective for failing

to seek a missing witness charge regarding Tarver relates back to the original petition and may

properly be asserted in this proceeding.  Dkt. No. 14 at 2.  However, Respondent contends that

the two other claims do not relate back and are, therefore, time-barred.  *Id.*  As noted, Petitioner

claims that trial counsel was ineffective in failing to object when witness Tarver invoked his

_____

[3]  Petitioner's claim is not based upon newly discovered evidence within the meaning of
28 U.S.C. § 2244 (d)(1)(D), nor is it premised upon a constitutional right that has been newly
recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
28 U.S.C. § 2244 (d)(1)(C).

Fifth Amendment privilege against self-incrimination and in failing to investigate allegations of prior misconduct by Detective Kennedy.  Upon review, the Court finds that the facts relied upon by Petitioner in support of these claims "differ in both time and type" from the claims raised in the original petition.  Accordingly, the Court finds that these claims do not relate back and are not timely.

In light of the Court's finding that two of Petitioner's additional claims are untimely, the Court need not address the merits of these claims.  As to Respondent's contention that the motion to amend should be denied as futile because Petitioner's ineffective assistance of counsel claim regarding the missing witness charge lacks merit, the Court declines to deny the motion to amend on this ground.  As noted, this ineffective assistance of counsel claim arises out of the same "core of operative facts" as does petitioner's claim that the trial court's refusal to give a missing witness charge regarding Tarver was improper.  Upon due consideration, the Court finds that the merits of these claims are also intertwined.[4]  Accordingly, in the exercise of its discretion, the Court determines that the merits of the ineffective assistance of counsel claim should be addressed upon consideration of the petition in its entirety and, therefore, grants this aspect of Petitioner's motion to amend.

Based upon the foregoing, Petitioner's motion to amend is granted in part and denied in part.  The petition is hereby deemed amended to include Petitioner's claim that trial counsel was ineffective for failing to object when the trial court did not give a missing witness charge regarding Tarver.  Respondent's letter in opposition to the motion to amend shall be deemed to

---

[4]  Respondent's counsel argues that trial counsel's failure to object was "entirely reasonable" because the trial court's refusal to give a missing witness charge (a ruling in issue in this action) was itself proper.  Dkt. No. 14 at 3.

be the response to this additional claim.  No further response is required.  Petitioner's motion to

amend is denied in all other respects.

**IV.     Conclusion**

**ACCORDINGLY**, it is hereby

**ORDERED** that Petitioner's motion to expand the record (Dkt. No. 12) is granted.  If

Petitioner has a copy of the motion for reargument/reconsideration, he is directed to submit that

document to the Clerk of the Court forthwith, and it is further

**ORDERED** that Petitioner's motion for leave to amend the petition (Dkt. No. 13) is

granted in part and denied in part as set forth above, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on the parties.


Dated: October 22, 2007
         Syracuse, New York

George H. Lowe
United States Magistrate Judge